UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORA MERCED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 10-10137-JLT |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

October 29, 2010

DEIN, U.S.M.J.

### I. INTRODUCTION

Plaintiff Nora Merced ("Ms. Merced") brought this action pro se, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her disability insurance benefits.[1] On December 2, 2008, an Administrative Law Judge denied Ms. Merced's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Decision Review Board failed to take further action, rendering this denial final on March 9, 2009. Ms. Merced filed the complaint in the

---

[1] While the complaint was filed pro se, counsel entered an appearance for Ms. Merced on September 13, 2010. (Docket No. 19).

present case on January 27, 2010.  This matter is presently before the court on the Defendant's Motion to Dismiss (Docket No. 10), by which the Commissioner is seeking dismissal of this action on the grounds that it is untimely, as the Social Security Act's sixty day statute of limitations bars Ms. Merced's complaint.

The Social Security Act grants parties sixty days to appeal a final decision.  42 U.S.C. § 405(g) (2006).  The sixty day period commences from the date of receipt of the final decision, which is presumed to occur within five days of its issuance.  20 C.F.R. § 422.210(c).  Ms. Merced has offered no evidence to counter this presumption.  Ms. Merced filed her complaint more than eight months after the 60-day period expired, but has failed to suggest any excuse for her lateness that would justify equitable tolling.  Accordingly, this court recommends to the District Judge to whom this case is assigned that the defendant's motion to dismiss be ALLOWED.

## II.  STATEMENT OF FACTS[2]

On December 26, 2006, Ms. Merced filed claims for DIB under Title II of the Social Security Act and for SSI under Title XVI of the Social Security Act.  (ALJ Decision at 1).  Her claims were denied at the initial level of review on May 4, 2007, and by a Federal Reviewing Official on February 27, 2008.  (Id.).  Ms. Merced then filed a timely request for a hearing, and a hearing before an Administrative Law Judge ("ALJ")

---

[2] The facts are derived from the sealed Declaration of Paul Halse, Acting Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration (Docket No. 14) and the exhibits attached thereto: Notice of Decision ("ALJ Notice"); Decision by the Administrative Law Judge ("ALJ Decision"), and the Notice of Decision Review Board Action ("DRB Notice").

was held on November 5, 2008. (Id.). Ms. Merced was represented by counsel at this hearing. (Id.) The ALJ rendered a decision denying Ms. Merced's applications for benefits on December 2, 2008. (Id.). The Decision Review Board ("DRB") chose to review the ALJ's decision. (ALJ Notice at 1).

In a notice dated March 9, 2009, the DRB informed Ms. Merced that it had failed to complete its review within ninety days, so that the ALJ's decision had automatically become final. (DRB Notice at 1; 20 C.F.R. § 405.420(a)(2)). The DRB mailed this notice to Ms. Merced and to her attorney. (DRB Notice at 1, 3). The date of receipt is presumed to have occurred within five days of the date of the notice, "unless there is reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Thus, absent evidence to the contrary, it is presumed that Ms. Merced received the notice by March 14, 2009.

Ms. Merced has not made any showing challenging the presumption that she received the notice on or before March 14, 2009. Rather, Ms. Merced's oppositions to the motion to dismiss (Docket Nos. 17, 18 & 20) discuss only the merits of her application for benefits, not the timeliness of this complaint. At oral argument on September 13, 2010, Ms. Merced suggested that she had received the DRB notice later than March 9, 2009. This court granted Ms. Merced two weeks to submit evidence supporting this claim. Ms. Merced's attorney subsequently informed the court that, after consulting with the plaintiff and reviewing the materials, he had no evidence to submit. (Docket No. 21).

The March 9, 2009 notice from the DRB informed Ms. Merced that, pursuant to 42 U.S.C. § 405 (g), she was entitled to seek judicial review of the final denial of benefits

within sixty days of receipt of the notice.  (DRB Notice at 3).  Ms. Merced filed the complaint in the present matter on January 27, 2010.  The Commissioner has moved to dismiss for failure to state a claim upon which relief can be granted, because Ms. Merced's complaint was not timely filed.  (Docket No. 10).

### III.  DISCUSSION

The doctrine of sovereign immunity bars suits against the United States absent Congressional consent.  Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287, 103 S. Ct. 1811, 1819, 75 L. Ed. 2d 840 (1983).  "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."  Id. at 287, 103 S. Ct at 1820.

Congress prescribed the conditions for judicial review of final decisions made by the Commissioner on claims under Title II or Title XVI of the Social Security Act in 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....

As detailed above, it is presumed that the claimant received notice within five days of the date of the notice, "unless there is reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  Moreover, "[c]ourts agree that 20 C.F.R. § 422.210(c) makes the date that

the claimant receives the [Commissioner's] notice of decision the trigger point for statute of limitations purposes."  <u>Piscopo v. Sec'y of Health & Human Servs.</u>, 27 F.3d 554 (Table) (1st Cir. 1994), <u>text available at</u> No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994)

The sixty day time limit is a statute of limitations which, as a condition on the waiver of sovereign immunity, must be construed strictly.  <u>Bowen v. City of New York</u>, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029, 90 L. Ed. 2d 462 (1986).  The time limit also serves a practical function consistent with the goals of the Social Security Act: "[i]n addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  <u>Id.</u> at 481, 106 S. Ct. at 2030-31.  Nevertheless it is firmly established "that application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress."  <u>Id.</u> at 480, 106 S. Ct. at 2030 (internal quotation and citation omitted).

In the instant case, Ms. Merced has not presented any evidence to rebut the presumption that she received the final notice of denial of benefits within five days of it being sent, despite being given the opportunity to present any evidence she had on this issue.  Therefore, she is presumed to have received the notice by March 14, 2009.  <u>See</u> <u>Pettway ex rel. Pettway v. Barnhart</u>, 233 F. Supp.2d 1354, 1356 (S.D. Ala. 2002) ("Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff

and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption"), and cases cited. Ms. Merced's complaint was filed on January 27, 2010. Thus, it is time-barred.

Finally, Ms. Merced has made no showing demonstrating that equitable tolling is appropriate in this case. Equitable tolling of the § 405(g) time limit is appropriate when a litigant "has been pursuing his rights diligently" but "some extraordinary circumstance stood in his way." Torres v. Barnhart, 417 F.3d 276, 278 (2d Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d. 669 (2005)). "Historically, courts have invoked equitable tolling to protect otherwise innocent litigants from fraud." James v. Astrue, 519 F. Supp. 2d. 193, 197 (D. Mass. 2007) (declining to extend equitable tolling in the absence of government misconduct). Mere error, inadvertence, or mistake "cannot justify tolling the statute of limitations, especially one that must be 'strictly construed' because otherwise virtually every statute of limitations would be rendered meaningless." Wilmot v. Astrue, No. 07-11322-GAO, 2007 WL 4200842, at *2 (D. Mass. Nov. 27, 2007). "For equitable tolling to be appropriate, something more is necessary to show why the equities of the particular case set it apart from others." Id. Here, Ms. Merced has not made any such showing. Accordingly, her complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, this court recommends to the District Judge to whom this case is assigned that the Commissioner's Motion to Dismiss (Docket No. 10) be ALLOWED.[3]

                                                         / s / Judith Gail Dein
                                                         Judith Gail Dein
                                                         United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).